F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 29 2023 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

REVEREND JUAN-JOSE BROOKINS,
*Trust Protector for The*
*Claudio Bulent Akpinar*
*Figuccio Trust*

                              Plaintiff,

      -against-

PATRICIA FIGUCCIO, MARC J. IALENTI,
ALYSE AKPINAR, JOHN GEMELLI,
GEMELLI GROSS SHAPIRO & MARINO,
DR. BILL AKPINAR,

                         Defendants.
-----------------------------------------------------------------X

**MEMORANDUM &
ORDER**
23-CV-4429 (GRB)(ST)

**Appearances:**

Juan-Jose Brookins
*Pro se*
49 Gramatan Ave #19
Mount Vernon, NY 10550

Marc J. Ialenti
*Attorneys for defendant Patricia Figuccio*
Ialenti & Macari LLP
170 Old Country Road
Suite 310
Mineola, NY 11501

**GARY R. BROWN, United States District Judge:**

       This case appears to be the latest chapter in plaintiff's long history of verbose filings, questionable litigation conduct, and flouting of court orders. *See, e.g., Bey v. Bakota*, No. 3:19-CV-1090 (JAM), 2023 WL 197024 (D. Conn. 2023); *El Bey v. City of New York*, No. 13-CV-8927

1

(AJN), 2014 WL 5768985 (S.D.N.Y. 2014).[1] Particularly concerning, though, are findings that plaintiff has previously attempted to engage in the unlicensed practice of law. *See Lopez v. Lando Resorts Corp.*, No. 14-CV-1609 (JCH) (D. Conn. 2014). On July 11, 2023, the Court ordered plaintiff to: (1) state the basis upon which plaintiff, as a trustee of a purported trust, may proceed in this matter without the assistance of counsel; (2) provide a sworn statement as to the state in which he maintains his domicile; (3) state whether plaintiff brought an action entitled *Bey v. Bakota*, No. 3:19-CV-1090 (JAM), 2023 WL 197024 (D. Conn. 2023); and (4) state whether plaintiff made various filings in *In re Henry*, No. 22-22517 (CGM), 2023 WL 3640989 (Bankr. S.D.N.Y. 2023).

While the Court will excuse the tardiness of plaintiff's "response," his failure to comply with an Order of the Court warrants admonishment. Plaintiff's response that he "personally does not see the relevance" of the Court's inquiries and that he "respectfully decline[s] responding to these inquiries" is wholly improper.[2] Notwithstanding that plaintiff is proceeding *pro se*, he is not entitled to disregard orders of the Court that he deems irrelevant. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) ("[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including [those proceeding] *pro se*[ ], have an obligation to comply with [this] [C]ourt['s] orders.") (alterations in original).

In any event, plaintiff has failed to put forth any authority establishing his ability to proceed *pro se* as trustee on behalf of a purported trust in response to the Court's inquiry. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("[W]e consider whether all parties before the court are properly

---

[1] Quantifying the number of actions plaintiff has filed in this and neighboring districts is rendered difficult due to his litigating under several different names since 1996. *See, e.g., Yashua Amen Shekhem El Bey v. City of New York et al.*, 419 F. Supp. 2d 546, 547 (S.D.N.Y. 2006); *Jawan Akil Bey, et al. v. Corr. Officer's Benevolent Ass'n, Inc. of the City of N.Y., et al.*, 98–CV–1353 (NRB)(HBP) (S.D.N.Y. 1998); *Brookins v. Figuccio et al.*, 22-CV-891 (GRB)(ST) (E.D.N.Y. 2022).

[2] Due to plaintiff's non-response to these inquiries, the Court will assume that he did, in fact, make these filings and bring said action.

2

represented even in cases where the parties themselves do not raise the issue."). In his response, plaintiff states "[he] is not proceeding in this action for himself on his own behalf." DE 11-1 at 2. Of course, this is the very reason the case cannot proceed in its current form, and plaintiff's confusion underscores the requirement that entities must be represented by qualified counsel.[3] Though Rule 17 allows a trustee to *sue* in his own name, it does not allow him to *represent* the interests of the trust as a non-attorney. *Randy Laquawn Williams Tr. v. Fitzpatrick*, No. 5:18-CV-00139 (LEK) (TWD), 2018 WL 3121610, at *1 (N.D.N.Y. 2018), *report and recommendation adopted sub nom. Tr. v. Fitzpatrick*, No. 5:18-CV-0139 (LEK) (TWD), 2018 WL 1891308 (N.D.N.Y. 2018) ("The Court further explained that even had the action been commenced by Williams, as trustee of the Trust, the law would not allow him to represent the Trust, because as a non-lawyer Williams can only represent himself. Therefore, even if Williams were himself to sue as trustee on behalf of the Trust, he would be required to be represented by counsel.") (internal citation omitted); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[28 U.S.C. § 1654] does not permit unlicensed laymen to represent anyone else other than themselves.").

There is an additional issue that must be addressed, however. This action, premised solely on state law claims, does not appear to meet the jurisdictional requirements of this Court. Diversity jurisdiction exists over suits between citizens of different states where the matter in controversy *exceeds* the sum or value of $75,000. 28 USC § 1332(a)(1) (emphasis added). It is unclear whether either requirement is satisfied. The trust, described as a "private Ecclesiastic Indigenous Foreign

---

[3] There is a strong policy rationale behind this requirement. As the Second Circuit has stated,

> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.*, to avoid litigating unfounded or vexatious claims.

*Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).

Express Trust," appears to be a common law trust. As such, the trust takes the citizenship of its trustees. *See FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 121CV00797JLROTW, 2022 WL 16837967, at *1 (S.D.N.Y. Nov. 9, 2022). Plaintiff's refusal to state unequivocally his permanent domicile renders the assessment of the propriety of exercising jurisdiction over this matter impossible. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("At any given time, a person has but one domicile."). Further, there are no allegations as to whether there are additional trustees and, if so, where they are domiciled. As such, should plaintiff through licensed counsel opt to file an amended complaint remedying the deficiencies noted above, he is directed to provide to the *full address* listed on his most recent federal income tax return with supporting documentation corroborating such representation *and* the names and domiciles of any additional trustees.

It is also unclear whether the amount in controversy requirement is met. The complaint seeks $75,000 per defendant, but there is no allegation that the liability of the defendants is joint. "When liability among defendants is several, a plaintiff cannot aggregate its claims against individual defendants in order to satisfy the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332. It must satisfy the jurisdictional amount with respect to each defendant." *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 874 (S.D.N.Y. 1995). That plaintiff is seeking exactly $75,000 per defendant is problematic given that the claims cannot be aggregated. As stated above, the amount in controversy must *exceed* $75,000 for each individual defendant. In any event, the $75,000 figure proffered by plaintiff is insufficient as plaintiff has provided no indication of how much money, if any, has been removed from the purported trust. *See Willam Pucha v. Anthony Peters*, No. 23-CV-4113(DLI)(SJB), 2023 WL 6121797, at *2 (E.D.N.Y. Sept. 19, 2023).

4

In light of the foregoing, plaintiff's complaint is hereby dismissed without prejudice to refiling by a licensed attorney within 21 days of the date of this order. Any further filing must include a precise statement of plaintiff's actual, singular domicile and the names and domiciles of any other trustees.[4] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

---

[4] Where a party receives mail is wholly immaterial to establishing domicile for purposes of diversity jurisdiction. "'An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[,] in other words the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Patel v. Singh*, No. 21CV00759 (HG) (LGD), 2023 WL 2262792, at *2 (E.D.N.Y. Feb. 28, 2023) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019)).